**4**

TRUDI G. MANFREDO, Bar No. 166474
Chapter 7 Trustee
575 East Alluvial, Suite 103A
Fresno, California 93720
Telephone:  (559) 242-5577
Facsimile:  (559) 513-8148

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In the Matter of | Case No. 13-15250-B-7 |
| | CHAPTER 7 |
| DENNIS ZAMORA GAI and EILEEN BIANCARTE-GAI, | TMT-3 |
| | Date:  April 9, 2014 |
| | Time:  10:00 a.m. |
| Debtor(s). | Dept.: B, Courtroom 12, Fresno |
| | Honorable W. Richard Lee |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY**

TRUDI G. MANFREDO, Chapter 7 Trustee of the above-captioned case ("Trustee"), respectfully represents as follows:

1.  Trustee is the duly appointed qualified and acting Trustee of the above-referenced Bankruptcy Estate.

2.  Debtor filed for relief under Chapter 7 of the Bankruptcy Code on July 31, 2013.

3.  This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a).  This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N).  This motion is brought pursuant to 11 U.S.C. §363(b).

1

4. Venue is proper in this Court pursuant to 28 U.S.C § 1409(a) by virtue of the pendency of this case before the Court.

5. One of the assets of the bankruptcy estate is residential real property located at 303 S. Maple Ave., Fresno, CA, APN 461-151-34, more particularly described on **Exhibit 1** filed concurrently herewith and incorporated herein by reference.

6. Trustee sought authorization to employ Guarantee Real Estate ("Broker") whose office is located 180 West Bullard, Clovis, California 93612 which authorization was approved on February 3, 2014.

7. Trustee has received an offer from Nasir Choudhery, or nominee, ("Buyer") to purchase this Real Property for $60,000.00. A true and correct copy of the Purchase Agreement between Buyer and Trustee is filed concurrently herewith and incorporated herein by reference as **Exhibit 2**. Buyer has made a $1,000.00 deposit which is non refundable if Buyer fails to perform.

8. This property is being sold in an "as is, where is" condition with no warranties made by the Trustee.

9. The purchase price agreed upon with the Buyer is the highest and best offer received by the Trustee to date. The trustee believes the offer is reasonable.

10. The real property is subject to the following liens and encumbrances:

| Deductions from Gross Sales | Amount (Estimated) |
| --- | --- |
| Real Property Taxes | $587.07 |
| Note secured by first deed of trust | $43,217.59 |
| Costs of Sale (2%) | $1,200.00 |
| Broker Commission (6%) | $3,600.00 |
| Net Sales Proceeds: | $11,395.34 |

///

2

1     11.   The Broker's commission will be evenly divided between Buyer's and Seller's brokers.

    12.   Trustee requests that the net proceeds be turned over to her after payment of the commission, costs of sale, real property taxes and encumbrance.

    13.   Trustee has determined that there will be no adverse tax consequences.

    14.   Trustee believes that it is in the best interest of the estate and creditors to sell the property to Buyers on the terms stated in the Purchase Contract. Trustee does not believe she can receive a better price if the property stays on the market for a longer period of time.

    15.   Because the actual payoffs of the liens may vary up or down, the net to the estate may vary.

    16.   This offer is subject to higher and better bids received on or before the date of the hearing. All bids must have no contingencies. Potential bidders must bring certified funds in the amount of $1,000.00 made payable to TRUDI G. MANFREDO, Ch. 7 Bankruptcy Trustee of the Bankruptcy Estate of Dennis and Eileen Gai which is to be negotiated only if that bid is the highest bid. The initial overbid must be $61,000.00 and further bids must be in $1,000.00 increments. Potential bidders must also bring evidence of the availability of funds to pay the total purchase price of their bid. The balance of the funds must be paid no later than 7 days after the entry of the Order approving the sale.

    17.   Trustee also requests that she be authorized to sign any and all documents to effectuate the sale.

    18.   Trustee also requests that the fourteen day provision of

1 | Fed. B. Bankr. P. Rule 6004(h) be waived.

2 |     WHEREFORE, trustee prays as follows:

3 |     1.    That the Motion be granted.

4 |     2.    That Trustee be authorized to sell the Real Property to Nasir Choudhery, or nominee, for $60,000.00, on the terms set forth above, subject to higher and better bid at the hearing on the confirmation of the sale.

    3.    That Trustee be authorized to pay to real estate broker(s) connected with this sale a commission of 6% of the gross sale amount to be split equally between buyer's broker and seller's broker.

    4.    That the net sales proceeds after payment of real property taxes, encumbrances, broker's commission and costs of sale be paid to the Trustee and maintained in a trustee account pending further order of the Court;

    5.    That the Trustee be authorized to sign any and all documents necessary to effectuate the sale pursuant to the above mentioned terms;

    6.    That the fourteen day provision of Fed.B.Bankr.P. Rule 6004(h) be waived; and

    7.    For such other and further relief as is just and proper.

Dated: 3-12-14

                              /s/ Trudi G. Manfredo
                              TRUDI G. MANFREDO, Trustee